```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MAUREEN ALISE MCCARRAN,                            :

                Plaintiff,         :           16cv187

                -against-         :           <u>MEMORANDUM & ORDER</u>

MSL GROUP AMERICAS, INC.,                          :
ATRIUM STAFFING SERVICES LTD.
                                   :
                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Maureen McCarran filed this gender-discrimination lawsuit in the New York Supreme Court, New York County alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the New York City Human Rights Law ("NYCHRL"). Defendants removed this action to federal court, asserting federal-question jurisdiction as to the Title VII claims and supplemental jurisdiction as to the NYCHRL claims. On February 11, 2016, McCarran filed an amended complaint, dropping the claims in the original complaint and asserting only claims under New York State Human Rights Law. (ECF No. 20.)

        A district court's exercise of supplemental jurisdiction is discretionary. <u>See</u> 28 U.S.C. § 1367(c) ("[D]istrict courts may decline to exercise supplemental jurisdiction . . . ."); <u>see also</u> <u>Kolari v. New York-Presbyterian Hosp.</u>, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 173 (1997)). "[W]hen the federal-law claims have dropped out

of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988). Further, "when a district court declines to exercise jurisdiction over state-law claims in a removed case, the Court may either remand or dismiss the state-law claims." <u>Grand Manor Health Related Facility, Inc. v. Hamilton Equities Inc.</u>, 941 F. Supp. 2d 406, 423 (S.D.N.Y. 2013). Accordingly, pursuant to 28 U.S.C. § 1367(c), this Court remands the action to state court.

   The Clerk of Court is directed to remand this action to the New York State Supreme Court, New York County and mark this case as closed.

Dated: April 1, 2016
   New York, New York

                SO ORDERED:

                _____
                  WILLIAM H. PAULEY III
                     U.S.D.J.

*All counsel of record (via ECF).*

*By Mail:*
Maureen Alise McCarran
415 Albemarle Rd.
#5A
Brooklyn, NY 11218
*Plaintiff Pro Se*